UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00587-GNS-DW

DANIEL VICTORIA REYES                                                                       PLAINTIFF

v.

DEPUTY SHERIFF MATTHEW SALSMAN, et. al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendants Louisville Jefferson County Metro Government ("Louisville Metro") and Louisville Metro Police Department ("LMPD") (DN 18), and Defendant's Motion to Stay Discovery (DN 19). The motion is fully briefed and is ripe for decision. For the reasons stated below, the Motion to Dismiss is **GRANTED,** and the Motion to Stay Discovery is **DENIED** AS **MOOT**.

## I.  BACKGROUND

On or about October 19 or 21, 2010, a search warrant was executed at a warehouse located at 632 Mix Avenue in Louisville, Kentucky. (Compl. ¶¶ 12, 16, DN 1). Two motorcycles owned by Plaintiff Daniel Victoria Reyes ("Reyes") were seized in the execution of the warrant. (Compl. ¶ 20). The motorcycles were transferred to the LMPD impoundment lot. (Compl. ¶¶ 22-23). Although Plaintiff was criminally charged, these charges were ultimately dismissed in August 2014. (Compl. ¶¶ 27-28). Plaintiff alleges that during the four years that the LMPD retained possession of the vehicles, unknown sheriffs and/or officers removed parts from Plaintiff's motorcycles. (Compl. ¶ 24).

Defendants filed their Motion to Dismiss on October 27, 2015. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss, DN 18). Plaintiff filed his Response on November 18, 2015. (Pl.'s Resp. to Defs.' Mot. to Dismiss, DN 24). Defendants filed their reply on December 1, 2015. (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. for Dismiss, DN 31).

## II.     JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1331 as this case arises under the Constitution of the United States. This Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367(a).

## III.    STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id.* (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV.  DISCUSSION

Defendants assert their motion on three grounds. First, Defendants claim the ("LMPD") is not an entity capable of being sued. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss 2). Second, the Defendants claim Louisville Metro is entitled to sovereign immunity. Finally, Defendants claim that Plaintiffs cannot establish a conspiracy claim pursuant to 42 U.S.C. § 1985. The Court considers each argument in turn.

### A.  The LMPD Is Not an Entity Capable of Being Sued.

It is well established under Sixth Circuit precedent that the LMPD is not a proper party to this lawsuit, and Louisville Metro is also a party to this action. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the [Jefferson County] Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *see also Wallace v. Louisville/Jefferson Cty. Metro Gov't*, No. 3:13CV-1053-S, 2014 WL 29593, at *2 (W.D. Ky. Jan. 3, 2014) ("LMPD is not an entity which may be sued. Louisville Metro is therefore the proper party to address Wallace's claims.") (citation omitted). Thus, Louisville Metro is the proper party to address Plaintiff's claims, and all claims against the LMPD are hereby dismissed.

### B.  Louisville Metro Is Entitled to Sovereign Immunity.

Plaintiff alleges state law claims of conversion, malicious prosecution, and breach of bailment against Louisville Metro. (Compl. 8-10). Plaintiff also alleges Louisville Metro violated his constitutional rights under 42 U.S.C. § 1983. (Compl. 8). Defendants assert that these claims are barred by the doctrine of sovereign immunity. (Defs.' Mot. 3-5).

### 1. *Plaintiff's State Law Claims*

Under Kentucky law, it is well established that claims against counties are barred by sovereign immunity. *Franklin Cty. v. Malone*, 957 S.W.2d 195, 203 (1997), *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001). Louisville Metro, however, is not a county; rather, it is a consolidated local government. Under KRS 67C.101(2)(e), the Kentucky General Assembly has expressly granted to consolidated local governments "the same sovereign immunity granted to counties, their agencies, officers, and employees." KRS 67C.101(2)(e); *see also Transit Auth. of River City v. Bibelhauser*, 432 S.W.3d 171, 173 (Ky. App. 2013). Accordingly, all state-law claims asserted against Louisville Metro are barred by sovereign immunity.[1] *Jewish Hosp. Healthcare Servs., Inc. v. Louisville/Jefferson Cty. Metro Gov't*, 270 S.W.3d 905, 906 (Ky. App. 2008) ("Metro Government is entitled to sovereign immunity.").

### 2. *Plaintiff's 42 U.S.C. § 1983 Claims*

A city government can be held liable under 42 U.S.C. § 1983 only when the city itself is responsible for the constitutional violation. *Canton v. Harris*, 489 U.S. 378, 379 (1989). Accordingly, a municipality is not liable under Section 1983 unless Plaintiff establishes that a police officer's actions were the result of an official municipal policy or custom. *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Deaton v. Montgomery Cty.*, 989 F.2d 885, 889 (6th Cir. 1993). Alternatively, the Plaintiff must establish Louisville Metro exhibited "deliberate indifference" toward the training of its officers which lead to liability under Section 1983. *Gregory v. Louisville*, 444 F.3d 725, 753-57 (6th Cir. 2006). Plaintiff, however, cannot survive a motion to dismiss simply by pleading that officers employed by Louisville Metro caused an injury. *Wallace*, 2014 WL 29593, at *2 ("[T]he mere allegation that an injury occurred

---

[1] Plaintiff may have available recourse through the Kentucky Board of Claims pursuant to KRS 44.070-44.340.

at the hands of police officers does not *ipso facto* state a claim against the municipality employing them.") (citations omitted).

Plaintiff has not claimed a policy or custom exists which caused the officers' actions in this case. Instead, Plaintiff alleges the fact that his property was improperly taken pursuant to a warrant amounts to deliberate indifference by Louisville Metro in the training of its officers. (Pl.'s Resp. 3-4). As the Supreme Court has noted, deliberate indifference is a "stringent standard" which presents "difficult problems of proof" for plaintiffs. *Connick v. Thompson*, 563 U.S. 51, 61, 69 (2011) (internal quotation marks omitted) (citations omitted). Plaintiff has not plausibly established that Louisville Metro exhibited deliberate indifference in the training of its officers. The sole facts plead by the Plaintiff in favor of establishing a claim for deliberate indifference are that Louisville Metro officers improperly seized his property during the execution of a warrant. (Compl. 5-7). Plaintiff has not pointed to any specific lack of training which caused his injury and therefore his claim cannot survive a motion to dismiss. *Wallace*, 2014 WL 29593, at *2 (granting a motion to dismiss when the only facts plead to establish deliberate indifference were the mere happening of the assault of plaintiff during the execution of a search warrant); *Weathers v. Anderson*, No. 3:11CV-683-H, 2012 WL 1593136, at *3 (W.D. Ky. May 4, 2012) (dismissing complaint when the plaintiff alleged only the occurrence of the constitutional violation itself); *see also Revis v. Meldrum*, 489 F.3d 273, 287 (6th Cir. 2007) (finding that officer's improper seizure of the plaintiff's furnishings during execution of writ of eviction was not sufficient showing of deliberate indifference).

Plaintiff has also failed to plead facts which plausibly show that Louisville Metro had actual or constructive notice of the alleged unconstitutional behavior amongst its officers. *Weathers*, 2012 WL 1593136, at *3 ("Without notice that a course of training is deficient in a

particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.") (quoting *Connick*, 563 U.S. at 61). Therefore, Louisville Metro is immune to Plaintiff's claim and Reye's Section 1983 claim must be dismissed.

        C.        <u>**Plaintiff Has Failed to State a Claim Under 42 U.S.C. § 1985(3).**</u>

Finally, Plaintiff alleges a violation of 42 U.S.C. § 1985(3) due to alleged violations of his Fourth and Fourteenth Amendment rights. (Comp. ¶ 33). To allege a violation of 42 U.S.C. § 1985(3), the Plaintiff must allege four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828 (1983). A claim under Section 1985 must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id*. (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Section 1985 was not "intended to reach conspiracies motivated by bias towards others on account of their economic views, status, or activities." *Id*. at 837.

In this case, Plaintiff has alleged that his constitutional rights were violated under the Fourth and Fourteenth Amendments. (Compl. ¶ 34). Plaintiff has neither alleged any class-based animus in the Complaint nor identified any alleged class-based animus in his response to this motion. (Compl. ¶ 34; Pl.'s Resp. 4-5). This failure to plead class-based animus is fatal to Plaintiff's Section 1985 claim. *Scott*, 463 U.S. at 837. Thus, Plaintiff has failed to plausibly allege a Section 1985 claim and his claim is therefore dismissed.

## V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants Louisville/Jefferson County Metro Government and Louisville Metro Police Department (DN 18) is **GRANTED** and the Motion to Stay Discovery filed by Defendants Louisville/Jefferson County Metro Government and Louisville Metro Police (DN 19) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
January 20, 2016

cc:   counsel of record